Chief Justice Robertson
delivered the Opinion of the Court.
Withers, having sued J. B. Curd by petition and summons, procured from a justice of the peace, upon affidavit, an order requiring special bdl; Willis Curd and others entered into a recogniz.mce as special bail; and, oit‘their motion, the c • uit court quashed heir recognizance because, in the opinion of that court, the requisition of bail, in such a case, was illegal.
We concur with the circuit court.
Prior to the'abolition of the ca sa in 1821, special bail was required by law in certain actions of debt, and in covenant and detinue, and might have been required by order of a judge upon a proper affidavit of the plantiff, in other actions in which a capias ad respondendum, issued for arresting the defendant.
But a defendant, in a petition and summons, could not have been held to bail upon affidavit or otherwise, by any requisition of a common law judge. As the summons did not authorize an arrest, the plaintiff, by electing that mode of action, waived his legal right to require special bail.
The second section of the act of 1821, (1st Digt. 503) declares, that special bail shall not be required, in any case, without a prescribed affidavit. That statute cannot he construed as extending the pre-existent right of requiring bail, or as giving it in a pc *254 tition and summons, in which there can be no arrest., and in which no special bail could have been required according to any law in force prior to 1821. The act is restrictive and negative in its object and effect.
Hewitt, for plaintiff; Owsley, for defendant.
Judgment affirmed.